

IN THE
TENTH COURT OF APPEALS

No. 10-21-00262-CR

KEVIN ALEJANDRO RAMOS,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 19-03385-CRF-272

## MEMORANDUM OPINION

Kevin Alejandro Ramos pled guilty to two offenses: aggravated robbery and aggravated assault with a deadly weapon. After punishment was tried to the court, Ramos was sentenced to 25 years and 20 years in prison, respectively. Because Ramos did not sustain his burden of proving his ineffective assistance of counsel claim, the trial court's judgments are affirmed.

**BACKGROUND**

Ramos attacked a person from behind at an ATM and stabbed him in the back of

the head and neck. He robbed another person in line at the same ATM. His defensive theory was that someone must have slipped something in one of his drinks, he blacked out for the rest of the night, and had no knowledge of what he allegedly did. Ramos hired an expert and paid for the expert's report. Approximately five days before the trial on punishment, Ramos informed his counsel that he could not pay for the expert's testimony fee because Ramos had been off of work for two weeks due to Covid. His attorney requested a continuance for 60 to 90 days. The continuance was denied because the trial court did not want to delay the punishment hearing any longer than it had already been delayed[1] and because the delay would be longer than 90 days due to the court's schedule.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his sole issue, Ramos asserts his counsel provided ineffective assistance at the punishment phase of Ramos's trial because counsel failed to file an "*Ake* Motion" for the appointment of an expert to testify regarding Ramos's mental state and lack of memory at the time of the alleged offense. *See Ake v. Oklahoma*, 470 U.S. 68, 105 S. Ct. 1087, 1090, 84 L. Ed. 2d 53 (1985) (indigent defendant has a due process right to a court-appointed expert in some cases).

### *Standard of Review*

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d

---

[1] Ramos's guilty plea had occurred in May and the punishment trial was scheduled for the end of August.

674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, the appellant must show that counsel was so deficient as to deprive appellant of his Sixth Amendment right to counsel. *Strickland*, 466 U.S. at 687. Second, the appellant must show that the deficient representation was prejudicial and resulted in an unfair trial. *Id.* To satisfy the first prong, appellant must show that his counsel's representation was objectively unreasonable. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). To satisfy the second prong, appellant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson*, 9 S.W.3d at 812. A reasonable probability exists if it is enough to undermine the adversarial process and thus the outcome of the trial. *See Strickland*, 466 U.S. at 694; *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). The appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. Our review is highly deferential. *Mallett*, 65 S.W.3d at 63.

The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and an allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813. An appellant's failure to satisfy one prong of the test negates a court's need to consider the other prong of *Strickland. Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

### *Application*

Regardless of whether counsel's performance was deficient, Ramos failed to prove that but for counsel's unprofessional errors, the result of the proceeding would have been

different. Ramos faults his counsel for not filing an "*Ake* Motion" for the appointment of an expert, rather than a motion for continuance, since Ramos could not afford his expert's appearance fee. But Ramos has not shown how he was prejudiced by the failure to file a motion which may or may not have resulted in the appointment of the expert he had hired so that the expert could testify at the punishment phase. Ramos asserted in his brief that he could have had the expert testify about Ramos's state of mind and that he did not recall the events of the offenses. Many witnesses testified about how Ramos stated he could not remember the events. Further, the expert's report was introduced into evidence and in that report, the expert stated Ramos did not suffer from any clinically diagnosable issues. The expert also stated in his report that Ramos reported he had no personal memories of the evening after having "around 2 drinks." Upon examination of the record, there is no evidence establishing what the expert might have testified to beyond the expert's admitted report that would have ultimately undermined the results of the proceeding.

Accordingly, Ramos did not prove the second prong of the *Strickland* test, and his sole issue is overruled.

**CONCLUSION**

The trial court's judgments are affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed October 19, 2022
Do not publish
[CRPM]

